UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JAMES BROWN EDWARDS, JR.,

    Plaintiff,

v.

UNKNOWN WELTON et al.,

    Defendants.

_____/

Case No. 1:09-cv-654

Honorable Gordon J. Quist

**OPINION**

    This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff originally filed his case in the Eastern District of Michigan, but it was transferred to this Court on venue grounds. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Pearce, McKee, Wableus, Johnson, Bennickson, Coutorenan, Rogers and Bellamy Creek Correctional Facility. The Court will serve the complaint against Defendant Welton.

**Discussion**

I. Factual allegations

Plaintiff is incarcerated in the Richard Handlon Correctional Facility, but the events giving rise to his complaint occurred while he was incarcerated in the Bellamy Creek Correctional Facility (IBC). In his *pro se* complaint, he sues the following IBC employees: Warden Kenneth McKee, Inspector (unknown) Welton, Librarian Norman Pearce, Dr. (unknown) Rogers, G. Wableus, D. Johnson, (unknown) Bennickson, and Assistant Resident Unit Supervisor (ARUS) (unknown) Coutorenan. Plaintiff also sues the Bellamy Creek Correctional Facility.

Plaintiff's allegations are somewhat difficult to follow, but he appears to allege that Defendant Welton called him out and asked him if anyone in the prison was selling knives. Plaintiff told Welton that a prisoner had asked him if he wanted to buy a knife. According to Plaintiff, he made a deal with Welton that he would purchase a knife from the prisoner and give it to Welton. In exchange, Plaintiff would be transferred to the Adrian Correctional Facility. Plaintiff claims that he purchased a knife from the prisoner and told the prisoner that he would pay him for the knife on Friday. Plaintiff alleges that he gave the knife to the ARUS-RUM (Resident Unit Manager) in 7-block, who told Plaintiff that he would give the knife to the inspector. Plaintiff claims that Welton did not honor their agreement and failed to transfer him to Adrian. Plaintiff alleges that his life was in danger because he was unable to pay the prisoner for the knife. At the time he filed his complaint, Plaintiff had been in protective segregation for four weeks without seeing the Security Classification Committee (SCC). For relief, Plaintiff seeks monetary damages.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A. **Defendants Wableus, Johnson and Bennickson**

Plaintiff appears to identify Defendants Wableus, Johnson and Bennickson as members of the SCC, which classified Plaintiff to protective segregation. At the time he filed his

complaint, Plaintiff claims that he had been in segregation for four weeks without seeing the SCC. Plaintiff's allegations implicate the Due Process Clause. To determine whether segregation of an inmate from the general prison population involves the deprivation of a liberty interest protected by the Due Process Clause, the Court must determine if the segregation imposes an "atypical and significant" hardship on the inmate "in relation to the ordinary incidents of prison life." *Jones v. Baker*, 155 F.3d 910, 811 (6th Cir. 1998) (quoting *Sandin v. Conner*, 515 U.S. 472, 483 (1995)). Under various circumstances, the Sixth Circuit has repeatedly found that confinement to administrative segregation does not present an "atypical and significant" hardship implicating a protected liberty interest. *See Jones*, 155 F.3d at 812-23 (two years of segregation while inmate was investigated for murder of prison guard in riot); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995) (inmate serving life sentence was placed in segregation after serving thirty days of detention for misconduct conviction of conspiracy to commit assault and battery); *Mackey v. Dyke*, 111 F.3d 460 (6th Cir.1997) (one year of segregation after inmate was found guilty of possession of illegal contraband and assault and where reclassification was delayed due to prison crowding). Plaintiff has failed to make any allegations that his placement in segregation is "atypical and significant." Consequently, Plaintiff fails to state a due process claim arising from his placement in protective segregation.

    B.    **Defendant McKee**

Plaintiff fails to make specific factual allegations against Warden McKee. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*,

556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendant McKee engaged in any active unconstitutional behavior. Accordingly, Plaintiff fails to state a claim against him.

C.  **Defendant Pearce**

Plaintiff claims that he "want[s] to sue Norman S. Pearce Librarian for not making copies." (Compl., 4.) Plaintiff's complaint does not include any further factual allegations regarding Defendant Pearce. However, Plaintiff includes as an attachment to his complaint a memorandum from Pearce dated June 1, 2009, in which Pearce indicated that Plaintiff's legal photocopy request was being returned to him because it was not in compliance with department policy. Pearce instructed Plaintiff that his disbursement had to be signed and sent to the library by the RUM or ARUS. Pearce further noted that Plaintiff failed to sign the disbursement.

It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal

information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992); *Ryder v. Ochten*, No. 96-2043, 1997 WL 720482, *1-2 (6th Cir. Nov. 12, 1997). In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-353; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Plaintiff does not allege that he suffered actual injury as the result of Pearce's conduct. Pearce merely requested that Plaintiff re-submit his request in compliance with department policy. Plaintiff does not allege that he was unable to re-submit his request and obtain the copies. Presumably, the copies he requested were for the instant law suit, which was received by the Eastern District on June 17, 2009. In the absence of actual injury, Plaintiff fails to state a claim against Defendant Pearce.

D. **Bellamy Creek Correctional Facility**

Plaintiff also appears to sue IBC. An express requirement of 42 U.S.C. § 1983 is that the defendant be a "person." *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). IBC is an administrative unit of the Michigan Department of Corrections. Neither a prison nor a state

corrections department is a "person" within the meaning of section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). Furthermore, Plaintiff's claim against this Defendant is barred by the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). That amendment prohibits suits in federal court against the state or any of its agencies or departments. *Pennhurst State School & Hosp. v. Haldermann*, 465 U.S. 89, 100 (1984). A state's Eleventh Amendment immunity is in the nature of a jurisdictional defense and may be raised on the court's own motion. *Estate of Ritter v. Univ. of Michigan*, 851 F.2d 846, 851 (6th Cir. 1988). The Supreme Court has squarely held that the Eleventh Amendment bars federal suits against state departments of corrections. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam). IBC is therefore not subject to a section 1983 action.

E.  **Defendants Welton, Rogers and Coutorenan**

Plaintiff claims that he made a deal with Inspector Welton to purchase a knife from another prisoner in exchange for a transfer to another facility. Plaintiff claims that he purchased the knife and turned it over to the 7-block ARUS-RUM, but Welton did not honor their agreement and failed to transfer him to Adrian. Plaintiff alleges that his life was in danger because he was unable to pay the prisoner for the knife, which resulted in his placement in protective segregation.

Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Thus, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). To establish a violation of this right, Plaintiff must show that Defendant was deliberately indifferent to the Plaintiff's risk of injury. *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir.1990); *McGhee v. Foltz*, 852 F.2d 876, 880-881 (6th Cir. 1988). At this stage of the proceedings, the Court finds that Plaintiff's allegations that Defendant Welton jeopardized

Plaintiff's personal safety by asking him to purchase a knife from another prisoner are sufficient to state an Eighth Amendment claim.

With regard to Defendant Rogers, Plaintiff alleges that Rogers will testify in Court that he spoke to the 7-block ARUS-RUM and confirmed that Plaintiff had given him a knife to give to the inspector. He also claims that Rogers discussed the situation with the warden, but he was not transferred to the Adrian Correctional Facility as promised by Inspector Welton. Nothing in Plaintiff's allegations suggest that Rogers participated in making the alleged deal with Plaintiff to purchase the knife or that Rogers engaged in any other unconstitutional conduct. Rather, Plaintiff alleges that Rogers will corroborate the allegations set forth in his complaint. Because Plaintiff fails to assert facts to state a claim to relief that is plausible on its face, Defendant Rogers must be dismissed for failure to state a claim. *Twombly*, 550 U.S. at 570.

Plaintiff lists ARUS Coutorenan as a Defendant in this action, but does not make any specific allegations against him in the complaint. It is unclear whether ARUS Coutorenan is the 7-block ARUS-RUM referred to in the complaint. Assuming Coutorenan is the ARUS-RUM to whom Plaintiff gave the knife, Plaintiff fails to allege how Coutorenan violated his constitutional rights. Plaintiff claims only that he gave the knife to Coutorenan and asked him to give it to Welton. He does not allege that Coutorenan participated in making the alleged deal with Plaintiff to purchase the knife or engaged in any other unconstitutional conduct. Accordingly, Plaintiff also fails to state a claim against Coutorenan.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Pearce, McKee, Wableus, Johnson, Bennickson, Coutorenan,

Rogers and Bellamy Creek Correctional Facility will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Welton.

An Order consistent with this Opinion will be entered.


Dated: August 28, 2009          /s/ Gordon J. Quist
                                  GORDON J. QUIST
                          UNITED STATES DISTRICT JUDGE